IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,
CENTRAL DIVISION

| | |
|---|---|
| GUILLERMO LOPEZ-CASILLAS,<br><br>Petitioner,<br><br>v.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER (1) GRANTING UNITED STATES' MOTION FOR A FINDING OF WAIVER OF ATTORNEY-CLIENT PRIVILEGE; (2) GRANTING IN PART UNITED STATES' MOTION FOR DISCOVERY (DOC. NO. 6); AND (3) DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND FOR AN EVIDENTIARY HEARING (DOC. NO. 9)<br><br>Case No. 2:20-cv-00236-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

This focus of this case is a petition to vacate judgment or sentence under 28 U.S.C. § 2255, filed by Petitioner Guillermo Lopez-Casillas, who is proceeding pro se. In his petition, Mr. Lopez challenges his underlying criminal conviction.[1] Before the court is the United States' Motions for (1) Acknowledgment of Waiver of Attorney-Client Privilege, (2) Discovery, and (3) Extension of Time to Respond ("Mot."), (Doc. No. 6). With its motion, the Respondent United States of America seeks a finding that Mr. Lopez has waived the attorney-client privilege which attached during his underlying criminal case and asks the court to permit it to conduct limited

---

[1] Mr. Lopez's underlying criminal case is: *United States v. Lopez-Casillas*, 2:15-cr-00488-JNP.

1

discovery.[2] (Mot. 1, Doc. No. 6.) In his response to the motion, Mr. Lopez asks the court to appoint counsel to represent him and requests an evidentiary hearing. (Movant's Reply to the U.S.'s Mot. for (1) Acknowledgement of Waiver of Att'y-Client Privilege, (2) Discovery & (3) Extension of Time ("Opp'n") 2, Doc. No. 9.) After reviewing the parties' briefing, the court GRANTS the United States' motion for a finding that Mr. Lopez waived his attorney-client privilege and GRANTS in part its motion for discovery. (Doc. No. 6.) The court DENIES Mr. Lopez's request for counsel and for an evidentiary hearing. (Opp'n, Doc. No. 9).

## BACKGROUND

In the underlying criminal case, a jury convicted Mr. Lopez of two counts of possessing a controlled substance with the intent to distribute it. (Mot. 2, Doc. No. 6.) During his trial, Mr. Lopez was represented by Carlos Garcia and Alexander Ramos, attorneys who were then employed by the Utah Federal Public Defender Office. (*Id.*) Scott Keith Wilson, another attorney employed by the Utah Federal Public Defender Office, represented Mr. Lopez on appeal. (*Id.*)

Mr. Lopez filed his § 2255 petition challenging his conviction on April 7, 2020. (Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Mot."), Doc. No. 1.) In it, Mr. Lopez claimed he received ineffective assistance from both his trial and his appellate counsel. (*Id.* at 4–6.) Specifically, Mr. Lopez alleges his trial attorneys' performance was deficient in that they: (1) failed to retain the necessary expert to show the video of his encounter with law enforcement had been edited to his detriment and

---

[2] The United States also sought a 120-day extension of time to file its response to Mr. Lopez's petition. (Mot. 1, Doc. No. 6.) The court granted the United States an extension of time until December 30, 2020 to file its response. (Doc. No. 17.)

submit that expert testimony during an evidentiary hearing on his motion to suppress, and (2) failed to challenge the admissibility of the video and audio evidence of the encounter under Rules 1002 and 1003 of the Federal Rules of Evidence. (Pro Se Mem. of Law in Support of Mot. 6–8, Doc. No. 1 at 18–20.) Mr. Lopez similarly claims his appellate counsel's performance was deficient in that he failed to appeal the denial of Mr. Lopez's motion to suppress evidence and misadvised Mr. Lopez as to the reason for this. (*Id.* at 15, 20–21, Doc. No. 1 at 27, 32–33.)

According to the United States, in an attempt to investigate Mr. Lopez's claims, it reached out to each of Mr. Lopez's prior attorneys: Mr. Garcia, Mr. Ramos, and Mr. Wilson. (Mot. 2, Doc. No. 6.) Each of these attorneys refused to discuss Mr. Lopez's case, indicating they would only do so if "subpoenaed to appear and ordered to respond based upon a judge's finding of waiver at the hearing with regard to each area of inquiry." (*Id.* at 2–3 (internal quotations omitted).) The United States filed this motion, in part, to address this issue. (*Id.* at 4.) In its motion, the United States asks the court to find Mr. Lopez has waived any attorney-client privilege with regard to his ineffective assistance claims. (*Id.*) Following this, the United States asks the court to permit it to conduct limited discovery. In particular, the United States requests authorization to take the depositions of Mr. Garcia, Mr. Ramos, and Mr. Wilson, and asks for a limited class of documents it maintains are relevant to Mr. Lopez's claims. (*Id.* at 4–6.)

In his response to the United States' motion, Mr. Lopez agrees that under controlling case precedent, habeas petitioners who claim ineffective assistance of counsel waive attorney-client privilege by implication insofar as necessary to prove or disprove their claims. (*See* Opp'n 1–2, Doc. No. 9.) However, Mr. Lopez opposes the United States' request for discovery. (*Id.* at 2.) He expresses concern that he will be effectively excluded from the depositions since he is incarcerated and argues the documents sought exceed the bounds of his implied waiver. (*Id.* at

3

3–4.) Mr. Lopez instead proposes a complicated discovery process involving the exchange of interrogatories, objections, and responses. (*Id.* at 4–7.) Finally, Mr. Lopez asks the court to appoint counsel to represent him in his § 2255 proceeding and requests an evidentiary hearing be held. (*Id.* at 2.)

In reply, the United States complains that by objecting to its discovery request, Mr. Lopez is trying to "have it both ways"—putting his attorneys' conduct at issue but limiting the United States' ability to investigate and respond to his claims. (Reply to Petitioner's Response to the United States' Mots. for (1) Acknowledgment of Waiver of Att'y-Client Privilege, (2) Discovery, and (3) Extension of Time to Respond ("Reply") 1–2, Doc. No. 10.) The United States points out that Mr. Lopez made no specific objections to what it characterizes as its "narrowly tailored" discovery requests. (*Id.* at 2–3.) It also argues the depositions and document production would be more efficient, more effective, and less burdensome than Mr. Lopez's proposed interrogatory exchange. (*Id.* at 3.) Finally, the United States contends Mr. Lopez has no right to counsel in this proceeding. (*Id.* at 2.)

## DISCUSSION

The court first addresses whether Mr. Lopez has waived his attorney-client privilege, then the United States' discovery motion and, finally, Mr. Lopez's motion for the appointment of an attorney and request for an evidentiary hearing.

1. <u>Implied Waiver of Attorney-Client Privilege</u>

Faced with a situation where defense counsel refuses to speak to the United States unless ordered to do so after a judicial finding, the United States asks the court to find Mr. Lopez waived his attorney-client privilege with regard to the specified areas of inquiry. (*See* Mot. 4, Doc. No 6.) Mr. Lopez himself acknowledges Tenth Circuit case law supports this approach.

4

(*See* Opp'n 1–2, Doc. No. 9.) He is correct to do so. In *United States v. Pinson*, the Tenth Circuit addressed this precise issue, concluding that "[w]hen a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." 584 F.3d 972, 977–78 (10th Cir. 2009). This waiver extends to all communications "necessary to prove or disprove" the petitioner's claims. *Id.* at 978.

In light of this precedent, the court finds Mr. Lopez has impliedly waived his attorney-client privilege insofar as necessary to prove or disprove his claims of ineffective assistance of trial and appellate counsel. Mr. Lopez's claims put at issue his trial attorneys' strategies and communications regarding (1) the decision whether to retain experts to analyze the video of Mr. Lopez's encounter with law enforcement, and (2) the decisions whether to challenge the admissibility of the video and audio evidence. Mr. Lopez's claims also put at issue his appellate counsel's strategies and communications regarding whether to raise suppression issues on appeal. Mr. Lopez has waived his attorney-client privilege with respect to these issues.

2. United States' Discovery Motion

The United States next asks for permission to conduct discovery under Rule 6 of the Rules Governing Section 2255 Proceedings in the United States District Courts ("2255 Rules"). (Mot. 4, Doc. No. 6.) Specifically, the United States asks to depose Mr. Lopez's trial and appellate lawyers and asks for limited document production. Without discovery, the United States argues, it will be unable to adequately respond to Mr. Lopez's petition. (*Id.* at 3–4.) Mr. Lopez's expresses concern that the United States' requests amount to a "fishing expedition," that depositions put him at an unfair disadvantage in that he cannot participate because he is imprisoned, and that the United States' document requests exceed the scope of his implied

waiver of attorney-client privilege. (Opp'n 2–4, Doc. No. 9.) He also proposes a complicated process of interrogatory exchanges. (*Id.* at 4–7.)

Rule 6 of the 2255 Rules provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." R. Governing § 2255 Proceedings in U.S. Dist. Courts R. 6(a). However, the judge may also limit the scope of this discovery. *Id.* Any party requesting discovery under this section must justify the request. *Id.* The court has an obligation to ensure the scope of any discovery allowed is sufficiently narrow, as a petitioner's waiver is "no broader than needed to ensure the fairness of the proceedings before it." *Pinson*, 584 F.3d at 978 (internal quotations omitted). Otherwise, the requested discovery may implicate the petitioner's Sixth Amendment rights. *Id.* at 979.

In this case, the United States has shown good cause for limited discovery. Because Mr. Lopez's petition puts at issue so many strategies and communications in the sole possession of Mr. Lopez's trial and appellate attorneys, discovery is necessary for the United States to respond to his § 2255 petition. However, the United States' requested method—depositions of Mr. Lopez's attorneys—creates a dangerous potential that the scope of Mr. Lopez's implied waiver of attorney-client privilege will be exceeded. This is especially true where, as Mr. Lopez points out, he will not be able to participate in the depositions. For this reason, the court denies the United States' request to depose Mr. Lopez's attorneys. Instead, the court authorizes the United States to obtain affidavits from Mr. Garcia, Mr. Ramos, and Mr. Wilson that are narrowly tailored to the issues raised in Mr. Lopez's petition and recited in this order. This will allow the United States to obtain the information it needs, with a less prejudicial impact on Mr. Lopez.

The United States' document requests, on the other hand, are narrowly tailored to Mr. Lopez's claims of ineffective assistance. They do not appear to exceed the scope of Mr. Lopez's implied waiver of attorney-client privilege. Accordingly, the court authorizes the United States to serve these requests on Mr. Lopez's trial and appellate counsel. While Mr. Lopez's proposal for interrogatory exchanges is well thought out, it would be less effective, less efficient, and more time-consuming than the discovery process authorized here. Moreover, the court's denial of the United States' request for depositions abates much of the basis for Mr. Lopez's proposal.

3. Mr. Lopez's Motion for an Attorney and Request for an Evidentiary Hearing

In response to the United States' requests for discovery, Mr. Lopez asks the court to appoint an attorney to represent him. (Opp'n 2, Doc. No. 9.) Mr. Lopez argues a cleaner way to address the proceedings would be for the court to hold an evidentiary hearing and to appoint counsel who could help develop the factual grounds for his claims in a balanced way. (*Id.* at 2–3.) In reply, the United States points out that Mr. Lopez has no right to appointed counsel in this proceeding. (Reply 2, Doc. No. 10.)

The United States is correct in its assertion that Mr. Lopez has no constitutional right to counsel in a § 2255 proceeding. *See Pa. v. Finley*, 481 U.S. 551, 555 (1987). However, Mr. Lopez is also correct in his assertion that if the court orders an evidentiary hearing in this matter, it must appoint counsel to Mr. Lopez, assuming he is indigent. R. Governing § 2255 Proceedings in U.S. Dist. Courts 8(c). The 2255 Rules also contain a provision, which neither party addressed, authorizing the court to appoint counsel "[i]f necessary for effective discovery." *Id.* 6(a).

In this case, with the discovery limited to affidavits and document production—both narrowly tailored to the claims made by Mr. Lopez—no appointment of counsel is necessary for

7

effective discovery. And no appointment of counsel is necessary for assistance at an evidentiary hearing because it is premature to order such a hearing. The court cannot effectively determine whether an evidentiary hearing is warranted in this case until it reviews the full briefing of the parties, including the answer to Mr. Lopez's § 2255 petition by the United States. Until the United States conducts the limited discovery the court authorizes here, it cannot realistically answer Mr. Lopez's petition. For these reasons, the court denies Mr. Lopez's request for counsel and for an evidentiary hearing without prejudice. Mr. Lopez can make this request again in the future if it becomes appropriate to do so.

## CONCLUSION

For the reasons outlined above, the court:

1. GRANTS the United States' motion for a finding that Mr. Lopez impliedly waived attorney-client privilege insofar as necessary to prove or disprove the claims in his § 2255 petition.

2. GRANTS in part the United States' motion for discovery. The United States is authorized to obtain affidavits from Mr. Garcia, Mr. Ramos, and Mr. Wilson and to serve the requests for documents identified in its motion. However, the court denies the United States' request for depositions.

3. DENIES Mr. Lopez's motion for the appointment of counsel and request for an evidentiary hearing without prejudice.

DATED this 6th day of October, 2020.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

8