FILED
2021 JUN 4 AM 11:50
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GUILLERMO LOPEZ-CASILLAS, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO EXPAND THE RECORD** <br><br> Case No. 2:20-cv-00236-JNP-DAO <br><br> District Judge Jill N. Parrish |

Before the court is Petitioner Guillermo Lopez-Casillas's ("Mr. Lopez-Casillas") Motion to Expand the Record. ECF No. 2. For the reasons set forth below, Mr. Lopez-Casillas's Motion to Expand the Record is granted.

## BACKGROUND

Mr. Lopez-Casillas filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, along with a *Pro Se* Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct a Federal Sentence or Conviction Pursuant to 28 U.S.C. § 2255 (collectively, "Section 2255 Motion") on April 7, 2020. ECF No. 1. In his Section 2255 Motion, Ms. Lopez-Casillas seeks relief from his conviction in his underlying criminal case and from the affirmance of his conviction on direct appeal, arguing that he was deprived of the effective assistance of counsel at both proceedings. ECF No. 1 at 14. Specifically, Mr. Lopez-Casillas seeks: "1) vacation of his conviction and sentence, as but for the ineffective assistance of counsel in connection with the suppression hearing[,] the seized evidence and all fruit thereof would have

been suppressed and no reasonable jury would have convicted Mr. Lopez-Casillas without such evidence; and 2) a new appeal with the effective assistance of counsel." *Id.* at 34–35.

Mr. Lopez-Casillas first argues that his trial counsel's performance was ineffective because his counsel failed to retain an expert witness to analyze and authenticate a nonfunctioning USB drive that contained original video footage of the traffic stop that was the subject of Mr. Lopez-Casillas's arrest. *Id.* at 18–19. Mr. Lopez-Casillas argues that his counsel failed to do so even after he informed his counsel that he believed the Government's proffered video footage of the traffic stop had been tampered with and did not accurately and completely reflect what had transpired during the stop. *Id.* at 19. Second, Mr. Lopez-Casillas argues that his trial counsel's performance was ineffective because his counsel failed to challenge the admissibility of the Government's allegedly inaccurate and incomplete video footage at the suppression hearing. *Id.* at 19–20. Mr. Lopez-Casillas argues that had his trial counsel retained the appropriate expert witness to analyze and authenticate the original USB footage and appropriately objected at the suppression hearing, Ms. Lopez-Casillas would have prevailed at the hearing, all evidence seized as a result of the traffic stop would have been suppressed, and there would have been insufficient evidence to convict him. *Id.* at 25.

Mr. Lopez-Casillas also argues that he was denied effective assistance of counsel on direct appeal. *Id.* at 26. Mr. Lopez-Casillas argues that his appellate counsel was ineffective by failing to appeal on the basis that the trial judge erred in denying Mr. Lopez-Casillas's motion to suppress, as the totality of the evidence indicates that Mr. Lopez-Casillas's consent for the officer to search his car during the traffic cop was coerced. *Id.* Mr. Lopez-Casillas also argues that his appellate counsel's assistance was ineffective because his appellate counsel only decided to appeal the conditions of Mr. Lopez-Casillas's supervised release. *Id.* Had his appellate counsel appealed the

allegedly erroneous denial of the motion to suppress, Mr. Lopez-Casillas argues that his denial would have been reversed. *Id.* at 34.

Concurrently with his Section 2255 Motion, Mr. Lopez-Casillas filed a Motion to Expand the Record. ECF No. 2. In his Motion to Expand the Record, Mr. Lopez-Casillas requests the court "to expand the record to include the exhibit attached to this motion, pursuant to Rule 7 of the Rules Governing [Section] 2255 Proceedings for the United States District Courts."[1] *Id.* at 1. In the Declaration of Guillermo Lopez-Casillas in Support of Motion to Vacate, Set Aside or Correct a Federal Sentence or Conviction Pursuant to 28 U.S.C. § 2255 ("Declaration in Support"), Mr. Lopez-Casillas states that "the video [of his traffic stop] had been edited and did not accurately reflect what had occurred." ECF No. 1-1 at ¶ 3. Mr. Lopez-Casillas avers that he told his attorneys this, that he requested that the motion to suppress hearing not be held until the video was analyzed and authenticated by an expert, and that, although his trial counsel told him that the video and audio had been authenticated, the original USB files were never analyzed and the authentication process was flawed. *Id.* at ¶¶ 4–5. Finally, Mr. Lopez-Casillas states that his appellate counsel told him that he could not directly appeal the denial of his motion to suppress and could only do so as part of a motion under 28 U.S.C. § 2255. *Id.* at ¶ 6. To date, the Government has filed no objection to, or in any way opposed, Mr. Lopez-Casillas's Motion to Expand the Record.

---

[1] There is no exhibit attached to Mr. Lopez-Casillas's Motion to Expand the Record. *See* ECF No. 2. However, there is an exhibit—a Declaration of Guillermo Lopez-Casillas in Support of Motion to Vacate, Set Aside or Correct a Federal Sentence or Conviction Pursuant to 28 U.S.C. § 2255 ("Declaration in Support")—attached to his Section 2255 Motion. ECF No. 1-1. The court assumes that this Declaration in Support is the "exhibit" to which Mr. Lopez-Casillas was referring in his Motion to Expand the Record, and the court will consider the Declaration in Support accordingly.

## LEGAL STANDARD

A Motion to Expand the Record in a 28 U.S.C. § 2255 motion is governed by the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Rules"). Pursuant to Rule 7(a) of the Rules, if a petitioner's motion filed under 28 U.S.C. § 2255 "is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion," and "[t]he judge may require that these materials be authenticated." Under Rule 7(b) of the Rules, "Affidavits . . . may be submitted and considered as part of the record." Further, under Rule 7(c) of the Rules, "[t]he judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." Finally, under Rule 8(a) of the Rules, "[i]f the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."

## DISCUSSION

Because Mr. Lopez-Casillas's Section 2255 Motion has not been dismissed, this court has discretion to expand the record. Mr. Lopez-Casillas seeks to expand the record to include his Declaration in Support, which he filed as an exhibit concurrently with his Section 2255 Motion. In his Declaration in Support, Mr. Lopez-Casillas reiterates much of what he stated in his Section 2255 Motion (ECF No. 1 at 13–35). Because the Government has had an opportunity to "admit or deny the[] correctness" of, or otherwise object to, Mr. Lopez-Casillas's Motion to Expand the Record and attached exhibit and has failed to do so, and because the content of Mr. Lopez-Casillas's Declaration in Support is relevant, the court does not find any reason to deny Mr. Lopez-Casillas's Motion to Expand the Record. The court also does not find that an evidentiary hearing is warranted.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Mr. Lopez-Casillas's Motion to Expand the Record (ECF No. 2) is GRANTED.

DATED June 4, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge