IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **GUILLERMO LOPEZ-CASILLAS**, <br><br> Petitioner, <br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Respondent. | MEMORANDUM DECISION AND ORDER DENYING CERTIFICATE OF APPEALABILITY <br><br> Case No. 2:20-CV-00236-JNP <br><br> District Judge Jill N. Parrish |

On September 29, 2023, the court denied Petitioner Guillermo Lopez-Casillas's ("Petitioner" or "Mr. Lopez-Casillas") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 262-month sentence ("§ 2255 Motion"). ECF No. 25. In Mr. Lopez-Casillas's § 2255 Motion, he argued that he was denied effective assistance of counsel in connection with his suppression hearing and subsequent appeal of his sentence. ECF No. 1. Specifically, Mr. Lopez-Casillas argued that he was prejudiced when his counsel failed to retain an expert to analyze and authenticate the audio and video evidence used to establish his consent to his vehicle's search during a traffic stop, failed to object to the admission of the same audio and video evidence, and failed to appeal this court's denial of his motion to suppress.

The court denied Mr. Lopez-Casillas's § 2255 Motion on all three points. ECF No. 25, at 4. Mr. Lopez-Casillas attempted to appeal that order but could not do so without a certificate of appealability ("COA") from this court. *See* 28 U.S.C. § 2253(c)(1). Because this court had not yet determined whether to issue a COA, the Tenth Circuit ordered a limited remand of Mr. Lopez-Casillas's appeal. *See* ECF No. 31; *see also United States v. Higley*, No. 17-1111, 2017 U.S. App. LEXIS 27655, at *3 (10th Cir. Sep. 29, 2017) (unpublished) ("[I]f the district court

has not ruled on COA, this court should order a limited remand for the district court to rule on COA."). For the reasons stated herein, the court denies Mr. Lopez-Casillas a COA as to his § 2255 Motion.

**LEGAL STANDARD**

This court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). That standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Welch v. United States*, 578 U.S. 120, 127 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**ANALYSIS**

In its September 29, 2023 order, this court considered whether Mr. Lopez-Casillas was entitled to relief on any of his ineffective assistance claims. Mr. Lopez-Casillas's § 2255 Motion argued that he was prejudiced when his counsel failed to retain an expert to analyze and authenticate the audio and video evidence used to establish his consent to his vehicle's search during a traffic stop, failed to object to the admission of the same audio and video evidence, and failed to appeal this court's denial of his motion to suppress.

The court denied Mr. Lopez-Casillas's § 2255 Motion because it failed to address the independently sufficient grounds upon which the court could have denied Mr. Lopez-Casillas's motion to suppress the evidence seized during his traffic stop. By concentrating his § 2255 Motion on one set of arguments while ignoring independent grounds for the admission of the evidence underlying his sentence, Mr. Lopez-Casillas failed to meet the burden to prove that he was prejudiced by his counsel's allegedly ineffective assistance. Absent any argument regarding the independent grounds for the admission of the evidence seized during Mr. Lopez-Casillas's

traffic stop—including live testimony as to his consent and the inevitable discovery doctrine—reasonable jurists could not debate that Mr. Lopez-Casillas failed to provide this court a basis to do anything but deny his § 2255 Motion. This same fault underlies each of Mr. Lopez-Casillas's three ineffective assistance claims. Nonetheless, the court proceeds to evaluate each of his claims in turn.

### I. FAILURE TO RETAIN AN EXPERT WITNESS TO ANALYZE VIDEO AND AUDIO EVIDENCE

First, Mr. Lopez-Casillas's § 2255 Motion argued that if his counsel had retained an expert "to analyze and authenticate the original USB drive" upon which the video of his traffic stop was stored, the expert would have revealed that the Government had produced doctored video and audio evidence to establish Mr. Lopez-Casillas's consent to his vehicle's search. Allegedly, the court would then have somehow been led to view the original versions of the video and audio evidence, which "would have established that Mr. Lopez-Casillas'[s] consent was coerced[.]" ECF No. 1, at 23–24. These events, Mr. Lopez-Casillas argues, would result in the "suppression of all evidence seized as a result of the unconstitutional search." *Id.*

The court denied this ineffective assistance claim because Mr. Lopez-Casillas's § 2255 Motion "failed to detail with any specificity what the original video would reveal that would lead the court to conclude that his consent was coerced. Therefore, even if an expert had discovered that the substitute video and audio evidence was doctored and the court viewed and listened to the unedited originals as a result, the court is not persuaded that it would have ruled differently on the issue of consent." ECF No. 25, at 7.

The court finds no error in its prior determination that Mr. Lopez-Casillas failed to make any showing of prejudice arising out of his counsel's failure to retain an expert witness to analyze and authenticate the audio and video evidence of Mr. Lopez-Casillas's traffic stop.

3

Moreover, multiple bases exist upon which the evidence seized during Mr. Lopez-Casillas's traffic stop could have been lawfully admitted. Even if the video and audio evidence used to demonstrate Mr. Lopez-Casillas's consent was proven to have been doctored, the § 2255 Motion would still have been properly denied on the basis that it failed to contest the applicability of the inevitable discovery doctrine. The court therefore concludes that Mr. Lopez-Casillas has made no substantial showing of any denial of his constitutional rights and that reasonable jurists could not debate whether the court correctly resolved this portion of his § 2255 Motion.

## II. FAILURE TO CHALLENGE THE ADMISSIBILITY OF AUDIO AND VIDEO EVIDENCE AGAINST MR. LOPEZ-CASILLAS

Second, Mr. Lopez-Casillas's § 2255 Motion argued that he was denied effective assistance when his trial counsel failed to object to the admission of the allegedly doctored video and audio evidence of his traffic stop. In its prior order, the court denied this ineffective assistance claim because the evidence seized during Mr. Lopez-Casillas's traffic stop would have been lawfully admitted even if the audio and video evidence demonstrating his consent to the search was excluded. At the hearing on Mr. Lopez-Casillas's motion to suppress, "Trooper Withers testified that Lopez-Casillas responded 'Yes' when he asked Lopez-Casillas whether he could search his vehicle." ECF No. 25, at 8 (citing Criminal Case ECF No. 53 at 39:18–20). "In addition, Trooper Withers testified that he explicitly informed Lopez-Casillas that Lopez-Casillas could object to 'anything that [Trooper Withers] was doing' during the search." *Id.* Moreover, Mr. Lopez-Casillas never disputed that the evidence seized from his vehicle was admissible pursuant to the inevitable discovery doctrine due to the necessity of impounding his vehicle following the traffic stop. *Id.* at 9. Thus, even if Mr. Lopez-Casillas's counsel had objected to the admission of the video and audio evidence demonstrating his consent to the search, the Government produced sufficient alternative evidence to support the denial of Mr.

Lopez-Casillas's motion to suppress.

Because Mr. Lopez-Casillas's § 2255 Motion failed to demonstrate the prejudice element of his ineffective assistance claim due to the alternative grounds upon which the court denied his motion to suppress, the court concludes that Mr. Lopez-Casillas has made no substantial showing of any denial of his constitutional rights and that reasonable jurists could not debate whether the court correctly resolved his § 2255 Motion.

### III.   FAILURE TO APPEAL THE COURT'S DENIAL OF MR. LOPEZ-CASILLAS'S MOTION TO SUPPRESS

Third, Mr. Lopez-Casillas's § 2255 Motion argued that he was denied effective assistance when his counsel failed to appeal the denial of his motion to suppress. In its September 29, 2023 order, this court explained that Mr. Lopez-Casillas's ineffective assistance of appellate counsel claim failed the first prong of *Strickland*'s two-part test. *See* ECF No. 25, at 10–11 (quoting *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999)). Specifically, the court denied Mr. Lopez-Casillas's claim because his § 2255 Motion failed to show that there was any likelihood that the Tenth Circuit would reverse this court's order denying his motion to suppress. In reaching this decision, the court noted that the Tenth Circuit could affirm the court's order denying Mr. Lopez-Casillas's motion to suppress on several bases, including Mr. Lopez-Casillas's consent (which he contests) and the inevitable discovery doctrine (which he does not contest). Given the substantial evidence that the evidence seized during Mr. Lopez-Casillas's traffic stop would have been inevitably discovered following an impound of his vehicle and subsequent inventory search, the court denied Mr. Lopez-Casillas's claim that his appellate counsel rendered constitutionally ineffective assistance by failing to appeal the denial of Mr. Lopez-Casillas's motion to suppress.

In reviewing the foregoing, the court finds no basis to conclude that Mr. Lopez-Casillas's

5

§ 2255 Motion made a substantial showing of denial of a constitutional right. The court's denial of his motion could thus not be debated by reasonable jurists.

**ORDER**

For the reasons stated herein, the court denies Petitioner a Certificate of Appealability as to his § 2255 motion.

Signed March 26, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge